[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10280
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-00033-AW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK KIRKSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 12, 2021)

Before JORDAN, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Mark Kirksey, a counseled federal prisoner, appeals the district court's denial

of his motion to reduce sentence under § 404 of the First Step Act of 2018, Pub. L.

No. 115-391, 132 Stat. 5194 ("First Step Act").  On appeal, Kirksey argues that: (1)

he is eligible for relief under the First Step Act because he was convicted only of a crack-cocaine conspiracy, not a conspiracy to distribute powder and crack cocaine; (2) alternatively, even if he was convicted of a conspiracy to distribute powder and crack cocaine, United States v. Taylor, 982 F.3d 1295 (11th Cir. 2020), held that a multi-object drug conspiracy was a covered offense under the First Step Act, and his case is indistinguishable from Taylor; and (3) his conviction for a covered offense entitles him to resentencing de novo.  After careful review, we affirm.

We review de novo whether a district court had the authority to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). While district courts generally lack the inherent authority to modify a term of imprisonment unless, inter alia, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances.  Jones, 962 F.3d at 1297.

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack-cocaine and powder-cocaine offenses was disproportional and reflected race-

based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).   These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.[1]  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2

---

[1] In changing the statutory sentencing scheme for crack-cocaine quantities, the Fair Sentencing Act made other changes to the law that are relevant to defendants like Kirksey, who have prior convictions and were sentenced before the Fair Sentencing Act was enacted.  For example, before the Fair Sentencing Act, the statute required a mandatory sentence of life imprisonment for offenses involving 50 grams or more of crack cocaine after 2 or more prior convictions for a felony drug offense.  21 U.S.C. § 841(b)(1)(A)(iii) (effective Apr. 15, 2009, to Aug. 2, 2010). After the Fair Sentencing Act, the statute required a mandatory sentence of life imprisonment for offenses involving 280 grams or more of crack cocaine after 2 or more prior convictions for a felony drug offense.  Id. (effective Aug. 3, 2010, to Dec. 20, 2018).  For offenses involving 28 grams or more of crack cocaine, under the Fair Sentencing Act, a mandatory minimum of 10 years in prison and a maximum of life in prison is required after a prior conviction for a felony drug.  Id. § 841(b)(1)(B)(iii) (effective Aug. 3, 2010, to Dec. 20, 2018).  Both before and after the Fair Sentencing Act, there were no additional enhanced penalties for offenders with at least 2 prior felony drug convictions.  Id. (effective Apr. 15, 2009, to Aug. 3, 2010); id. (effective Aug. 3, 2010, to Dec. 20, 2018).  Also, both before and after the Fair Sentencing Act, a mandatory sentence of life imprisonment is required for offenses involving 5 kilograms or more of powder cocaine after 2 or more prior convictions for a felony drug offense.  Id. § 841(b)(1)(A)(ii) (effective Apr. 15, 2009, to Aug. 2, 2010); id. (effective Aug. 3, 2010, to Dec. 20, 2018).

and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).[2]

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). Id. at 1301. We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the

---

[2] The First Step Act made other changes to the law as well, but they are not applicable here. For example, it amended § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders and altering the type of offenses triggering those penalties. First Step Act § 401. Section 841(b)(1)(A) previously said that a prior conviction for a "felony drug offense" would trigger mandatory penalties, but § 401(a) of the First Step Act changed the prior-conviction language to a "serious drug felony or serious violent felony." Id. § 401(a). Section 401(a) of the First Step Act also changed the mandatory-minimum sentence for defendants with 2 or more of these kinds of prior convictions from life imprisonment to 25 years. Id. Notably, § 401's provisions apply to any offense committed before the date of enactment of the act (December 21, 2018), but only if a sentence for the offense had not been imposed as of that date. Id. § 401(c). Since Kirksey was sentenced in September 2007, these provisions do not apply to him.

sentencing record, and the final judgment. Id. at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. Id. at 1301. However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty. Id. at 1302. Applying this inquiry to the four movants in Jones, we concluded that all four were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. Id. at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. Id. at 1303. Specifically, § 404(b) of the First Step Act -- providing that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed" -- imposes two limitations on the district court's authority. Id. (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence if the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. Id. Two, in assessing the movant's statutory penalty under the Fair Sentencing Act, the district court is bound by the previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. Applying these limitations, we held that if a movant's sentence necessarily would

5

have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

Using this framework, we affirmed the denials of two movants' motions in Jones, but vacated and remanded the others for further consideration because it was unclear if those district courts had recognized their authority under the First Step Act to reduce the sentences. Id. at 1304–05. We held that a movant was not ineligible based on (1) a higher drug quantity finding made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. Since we could not tell if the two courts relied on these improper reasons, we vacated and remanded those cases. Id.

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. A district court has wide latitude to decide whether and how to exercise its discretion, and may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.[3]

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

After <u>Jones</u>, we again applied the First Step Act in <u>Taylor</u>, where the defendant had pleaded guilty to one count of conspiracy to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine and was sentenced to life in prison based on the then-mandatory guideline calculations. 982 F.3d at 1297–98. We concluded that the defendant's dual-drug conspiracy conviction -- involving both powder and crack cocaine -- constituted a covered offense under the First Step Act. <u>Id</u>. at 1301.

We explained in <u>Taylor</u> that the statutory penalties for a drug trafficking offense included all the penalties triggered by <u>every</u> drug quantity element of the offense, not just the higher tier of penalties triggered by any one drug-quantity element. <u>Id</u>. at 1300. So, before the Fair Sentencing Act, the drug quantities of Taylor's conviction satisfied the drug-quantity elements in § 841(b)(1)(A)(ii) and (A)(iii), both of which triggered the highest tier of penalties -- a sentence of ten years to life in prison. <u>Id.</u> at 1301. But after the Fair Sentencing Act, the powder-cocaine element of Taylor's conspiracy offense triggered the same ten-to-life penalty, while the crack-cocaine element triggered a lower category of penalties. <u>Id</u>. This meant, under the First Step Act's text, that the statutory penalties for Taylor's crack-cocaine

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

7

offense were modified by § 2 of the Fair Sentencing Act, even if he ultimately would face the same statutory sentencing range due to the other drug-quantity element of his offense. Id. On this basis, we held that Taylor's offense was a violation of a federal criminal statute, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act, and, thus, was a covered offense. Id. We further held that since Taylor had not been sentenced to the lowest statutory penalty available to him under the Fair Sentencing Act, he was "eligible" for a sentence reduction and the district court could decide on remand if it was warranted. Id. at 1302.

We've made clear that the First Step Act does not authorize a district court to conduct a plenary or de novo resentencing in which it reconsiders sentencing guideline calculations unaffected by §§ 2 and 3 of the Fair Sentencing Act or to change the defendant's sentences on counts that are not covered offenses. United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020). Under the prior precedent rule, a prior panel's holding is binding on all subsequent panels unless the Supreme Court or this Court sitting en banc overrules it or undermines it to the point of abrogation. United States v. Johnson, 981 F.3d 1171, 1192 (11th Cir. 2020).

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000). Only when there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written

8

judgment, is it proper to look to the written judgment to ascertain the court's intentions. United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009).

Here, the district court did not err in finding Kirksey ineligible for a sentence reduction. For starters, while Kirksey has argued that he was convicted only of a conspiracy involving crack cocaine (also called cocaine base), almost all of the record, including Kirksey's charging document, his guilty plea, and the sentencing record, indicate that he was convicted of a conspiracy involving both powder and crack cocaine. In the indictment, Kirksey was charged with one count of conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute more than 5 kilograms of powder cocaine and more than 50 grams of crack cocaine. His plea agreement specified his charge as conspiracy to manufacture, distribute, and possess with the intent to manufacture and distribute controlled substances involving more than 5 kilograms of a mixture and substance containing cocaine and more than 50 kilograms of a mixture and substance containing crack cocaine. Then, at the change-of-plea hearing, the district court recited his charge as a conspiracy involving both powder cocaine and crack cocaine, to which Kirksey pleaded guilty. And the government clarified at the hearing that the conspiracy, as it related to Kirksey, involved powder cocaine that was converted into crack cocaine. Then, at sentencing, the district court adjudged Kirksey guilty of "conspiracy to manufacture, distribute and possession with intent to manufacture and distribute more than [5]

9

kilograms of a mixture or substance containing cocaine and more than 50 grams of a mixture and substance containing [crack cocaine]," as charged and to which he had pleaded guilty, before imposing the statutory mandatory sentence of life imprisonment. This record makes clear that Kirksey was convicted of a conspiracy involving both powder and crack cocaine.

It is true that Kirksey's final judgment -- the only outlier -- cited the statute of conviction as 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and stated that the nature of offense was conspiracy involving crack cocaine. However, the final judgment also cited the five-kilogram threshold for powder cocaine, which suggests that the sentencing court had the powder-cocaine element of Kirksey's conspiracy offense in mind. In any event, because the sentencing court's oral pronouncement that he was adjudged guilty of conspiracy involving powder cocaine and crack cocaine, as charged and to which Kirksey pleaded guilty, was unambiguous, the oral pronouncement controls over the written judgment. Bates, 213 F.3d at 1340. Thus, considering the record as a whole, it is clear that the district court treated Kirksey's offense as a conspiracy involving both powder and crack cocaine when it imposed a sentence on Kirksey.

Next, we agree that Kirksey's dual-drug conviction was a "covered offense" just like the defendant's offense in Taylor. As the record reflects, Kirksey was convicted of a conspiracy offense that included both a crack-cocaine element and

10

another drug-quantity element -- in this instance more than five kilograms of powder cocaine.  And, while both drug quantities triggered mandatory life imprisonment under the statute before the Fair Sentencing Act, the powder-cocaine element of Kirksey's conspiracy offense after the Fair Sentencing Act triggered the same mandatory life penalty, while the crack-cocaine element triggered a lower category of penalties -- 10 years to life in prison.  Thus, the statutory penalties for Kirksey's crack-cocaine offense were modified by § 2 of the Fair Sentencing Act, making his conspiracy offense a "covered offense."  Taylor, 982 F.3d at 1301.

Nevertheless, Kirksey is not eligible for relief under the "as if" clause of § 404 of the First Step Act.  Under the statute, Kirksey would still receive a life sentence because his offense involved five kilograms of powder cocaine and he had two or more prior felony drug convictions.  21 U.S.C. § 841(b)(1)(A)(ii) (effective Apr. 15, 2009, to Aug. 2, 2010); 21 U.S.C. § 841(b)(1)(A)(ii) (effective Aug. 3, 2010, to Dec. 20, 2018); see also First Step Act § 401(c) (providing that its amendments concerning prior convictions do not apply to defendants sentenced before December 21, 2018).  This means that Kirksey already received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act, and, as a result, he is ineligible for relief.  First Step Act § 404(b); Jones, 962 F.3d at 1303.

Because of Kirksey's prior felony drug convictions, his case is distinguishable from Taylor.  In Taylor, the defendant was not subject to a mandatory life sentence

11

under the statute based on prior drug convictions. Id. at 1297–98, 1301–02. Rather, Taylor had been sentenced to 30 years' imprisonment, and the lowest statutory penalty available to him had the Fair Sentencing Act been in effect was ten years' imprisonment -- which means that Taylor had not been sentenced to the same minimum penalty that would have been available if the Fair Sentencing Act had been in effect. Id. at 1302. By contrast, Kirksey's statutory mandatory life sentence, triggered by his prior drug convictions, was the lowest statutory penalty that would be available to him under the Fair Sentencing Act, so it necessarily would have been the same had the Fair Sentencing Act been in effect.

Finally, because Kirksey is not eligible for a sentence reduction, we need not consider his argument that the district court should have conducted a de novo resentencing. Regardless, a de novo resentencing is foreclosed by our binding precedent in Denson. 963 F.3d at 1089; see also Johnson, 981 F.3d at 1192. Accordingly, the district court did not err in finding that Kirksey was ineligible for a sentence reduction under § 404 of the First Step Act, and we affirm.

**AFFIRMED.**